## NORMAN v. JUDY et al.

Court of Appeals of Kentucky.
Sept. 26, 1952.

Wiggins & Wiggins, Richmond, Grover Cleveland Thompson, Lexington, for appellant.

Stoll, Keenon & Park, Lexington, for appellees.

MILLIKEN, Justice.

This is an appeal from an order sustaining appellees' (defendants below) general demurrer to the appellant's pleadings.

In April, 1922, the appellee, Judy, obtained $1,200 without security from the appellant, Norman, with which to buy employee stock in the R. J. Reynolds Tobacco Company where Judy was employed. It was alleged that Judy agreed to pay Norman an annual dividend of 20%, or $240, a year. If the Company dividends were less than 20% Judy was to supply the deficiency, but if they were more than 20% Judy was to have the excess. At the time of the loan this memorandum was executed by Judy: "Due Stone W. Norman $1200 on R. J. R. Stock taken up by W. S. Judy, April 3, 1922. S/ W. S. Judy." Upon termination of Judy's employment it was alleged that Judy was to repay the $1,200 to Norman. This suit seeks the recovery of this amount plus accrued interest explained in the next paragraph.

However, Exhibit A of appellant's pleadings reveals that Judy paid him $240 annually from 1923 through 1932, or a total of $2,400. At this time a new agreement was made whereby Judy was to pay 6% a year interest, and from 1933 through 1947 Judy paid at this rate a total of $1,093. This made a grand total of $3,493 which Judy had paid from 1923 through 1947 on the original $1,200 and interest. The appellant contends he should have been paid $4,896 during this period, and, consequently, seeks the alleged deficit of $1,403 together with the principal of $1,200.

The appellant, Norman, seeks recovery apparently on the theory that Judy was a trustee of the $1,200 stock and that Norman was a beneficiary or cestui que trust. It was employee's class stock, so the certificate was issued in the name of Judy. The appellee, Judy, argued in support of his demurrer that the pleadings disclose that the original transaction was a loan, and the chancellor sustained his contention.

The fact that Judy agreed to pay Norman 20% annual dividend whether the stock earned it or not is an undertaking not in harmony with the trust theory and one which perhaps only a philanthropic trustee would undertake. As stated in the Restatement of Trusts, Sec. 12, page 43:

"If there is an undertaking between the parties that the person to whom money is paid shall pay 'interest' thereon (at a fixed or at the current rate, and not merely such interest as the money, being invested, may earn) the relationship is practically always a debt and not a trust. Interest is paid for the use of the money, and if the payee pays interest he is, in the absence of a definite understanding to the contrary, entitled to use the money for his own purposes. It is theoretically possible, of course, for a trustee to pay 'interest' from his own funds, but in the absence of a clear agreement to that effect such an intention would not be found."

In view of the guaranty of 20% specific interest which actually was paid until 1933, the agreement to pay 6% thereafter and the wording of the memorandum of 1922, we conclude that the transaction created a debtor-creditor relationship. Since $3,493 was paid upon this original $1,200 indebtedness from 1922 through 1947, it is apparent that the appellant is not a loser. Calculated at our legal interest rate, 6%, the exhibit shows that the debt was extinguished in 1929, eighteen years before payments ceased in 1947. This being apparent from the appellant's pleadings, no pleading was required of Judy, and the chancellor was correct in sustaining Judy's general demurrer to the pleadings against him. No recovery of the usurious excess was claimed because it was barred by a one-year statute of limitations, KRS 413.140 (1) (g).

The judgment is affirmed.